# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| BRYAN DIXON, | |
| Plaintiff, | C.A. No. _____ |
| vs. | |
| OPEN HANDS NURSEING AGENCY, LLC and JAMES HOLMES, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff, BRYAN DIXON (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, hereby sues Defendants, OPEN HANDS NURSEING AGENCY, LLC, and JAMES HOLMES (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1. This is an action by Plaintiff against his employers for unpaid overtime wages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331 since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Plaintiff performed work and incurred unpaid overtime wages while working in Florence, South Carolina.

## THE PARTIES

4. Plaintiff, BRYAN DIXON, is an individual residing in Little Rock, South Carolina.

5. Plaintiff, BRYAN DIXON, was employed by Defendants from November of 2014 to the present, as a Nurse Assistant, at the hourly rate of $10.50 per hour. Some of Plaintiff's principle duties were to provide health care, cleaning and cooking services to Defendants' clients.

6. OPEN HANDS NURSEING AGENCY, LLC, at all times material hereto, was a home healthcare provider licensed under the laws of the State of South Carolina and operated an office in Charleston, South Carolina, among other offices across the State of South Carolina. OPEN HANDS NURSEING AGENCY, LLC, and JAMES HOLMES, owned and operated a Home and Community Based Services (HCBS) business, which are businesses that provide health care services to individuals that live outside of nursing homes, or they instead reside at home or in their community.

7. JAMES HOLMES, was an individual believed to be residing in Florence, South Carolina, and at all times material to this claim was substantially in control of the terms and conditions of the Plaintiff's work; therefore, is also Plaintiff's employer under the FLSA.

8. OPEN HANDS NURSEING AGENCY, LLC, and JAMES HOLMES, were the employer of the Plaintiff as defined by 29 U.S.C. §203(d).

9. At all times material to this complaint, Defendant, OPEN HANDS NURSEING AGENCY, LLC, had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

10. At all times material to this complaint, Defendant, OPEN HANDS NURSEING AGENCY, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

11.     At all times material to this complaint, Defendant, OPEN HANDS NURSEING AGENCY, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

12.     At all times material hereto Plaintiff and Defendants collectively engaged in interstate commerce through the support functions they provided to members of the health care industry.

13.     Additionally, Plaintiff performed work utilizing the channels of interstate commerce such as interstate telephone calls, facsimiles and the use of the internet to contact persons or entities outside of the state of South Carolina.

14.     At all times material to this Complaint, Defendants were the employers of the Plaintiff and, as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

15.     Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate for each hour in excess of 40 the Plaintiff worked in a workweek.

16.     Plaintiff worked an average of approximately eight (8) to fifteen (15) overtime hours per week during each week of his employment with Defendants.

17.     Defendants paid Plaintiff a straight hourly rate for all hours worked, and did not include any pay for work in excess of 40 hours per workweek as required by the FLSA.

18.     Plaintiff did not hold a position that would be considered as exempt from the

overtime requirements of the FLSA.

19. Defendants used the pay scheme alleged herein to intentionally and willfully avoid paying Plaintiff the correct amount overtime wages due to him as required by the Fair Labor Standards Act.

20. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

21. Defendants acted willfully and failed to act reasonably to comply with the FLSA; therefore, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime wages pursuant to 29 U.S.C. § 216(b).

22. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

23. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, BRYAN DIXON, demand Judgment against Defendants, OPEN HANDS NURSEING AGENCY, LLC, and JAMES HOLMES, jointly and severally, for the following:

 a. Unpaid overtime wages found to be due and owing;

 b. An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

 c. Prejudgment interest in the event liquidated damages are not awarded;

    d.    Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

    e.    For any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

    Respectfully submitted,

    s/ Camden N. Massingill
    Camden N. Massingill
    Fed. ID No. 12105
    WYCHE, P.A.
    44 East Camperdown Way
    Greenville, SC   29601
    Tel. No.:  864-242-8200
    Fax No.:  864-235-8900
    E-Mail:   cmassingill@wyche.com

*Of Counsel (pro hac vice application to be filed):*

    Charles L. Scalise
    Texas Bar No. 24064621

    Daniel B. Ross
    Texas Bar No. 789810

    ROSS LAW GROUP
    1104 San Antonio Street
    Austin, Texas 78701
    Telephone:  (512) 474-7677
    Facsimile    (512) 474-5306
    E-Mail:    Charles@rosslawpc.com

Dated:   August 11, 2017    **ATTORNEYS FOR PLAINTIFF**